UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILAN MICHAEL KOTEVSKI,<br><br>             Plaintiff,<br><br>v.<br><br>HILLARY RODHAM CLINTON, et al.<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:24-cv-00622<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Milan Michael Kotevski filed this action without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. Kotevski's motion to waive the filing fee and stayed the case for screening.[2]  As explained below, because Mr. Kotevski's complaint fails to state a plausible claim for relief and fails to comply with Rule 8 of the Federal Rules of Civil Procedure, Mr. Kotevski is permitted to file an amended complaint by **October 7, 2024**.  The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Proceed In Forma Pauperis ("Mot. to Waive Filing Fee"), Doc. No. 2.)

[2] (*See* Order Temporarily Granting Mot. to Proceed Without Paying the Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6]  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7]  But the court need not accept a plaintiff's conclusory allegations as true.[8]  "[A] plaintiff must offer specific factual allegations to support each claim."[9]

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] Fed. R. Civ. P. 8(a)(2).

and further provides that "[e]ach allegation must be simple, concise, and direct."[11]  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[12]  At minimum, the plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[13]

Because Mr. Kotevski proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[14]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[15]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[16]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[17] the court "will not supply additional factual

---

[11] Fed. R. Civ. P. 8(d)(1).

[12] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[13] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[14] *Hall*, 935 F.2d at 1110.

[15] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[16] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[17] *Hall*, 935 F.2d at 1110.

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

## ANALYSIS

Mr. Kotevski's complaint is 172 pages long, and accompanied by more than 2,000 pages of exhibits.[19]  Mr. Kotevski names 283 defendants, including domestic and foreign politicians, officials, agencies, and judges; various large corporations such as Alphabet, META, AT&T, Verizon, and Apple; and numerous other individuals and entities.[20]  His voluminous submission consists of scattershot allegations of vast global conspiracies, described in stream-of-consciousness, run-on sentences.  For example, one of the early pages of the complaint contains the following sentence, which is characteristic of Mr. Kotevski's allegations throughout the complaint:

> PLAINTIFF, being the victim of a RICO Conspiracy, was sexually abused by the CIA, PRIME MINISTER MODI & THE INDIAN GOVERNMENT, BILL and HILLARY CLINTON, LYNN FORESTER de ROTHSCHILD and SIR EVELYN ROTHSCHILD or a combination of the aforementioned DEFENDANTS in TOKYO in 2015 because either JAMES COMEY and the FBI or JEH JOHNSON and DHS or the Department of Defense leaked information in the course of an ongoing investigation to HILLARY CLINTON informing her how to politically assassinate PLAINTIFF (i.e. *JAPLAN*) that CHIEF JUSTICE ROBERTS approved of and personally witnessed and saw PLAINTIFF in Japan in July 2015 or it was the RUSSIANS via GRU and the KGB and possibly PLAINTIFF'S former lover were listening in and implemented the plan with the help of the Indian Government, which was a defacto [sic] political assassination against PLAINTIFF.[21]

---

[18] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[19] (*See* Compl., Doc. No. 1; Exs. A–Z, Doc. Nos. 1-1–1-3, 1-6–1-17.)

[20] (*See* Compl., Doc. No. 1 at 1–5.)

[21] (*Id.* at 7.)

The complaint references numerous civil and criminal statutes,[22] as well as case law,[23] but it fails to connect the cited authority to particular factual allegations.  In sum, Mr. Kotevski fails make specific, intelligible factual allegations regarding how each named defendant has harmed him or violated his legal rights.

As a result, even construing the complaint liberally, it is impossible to discern what claims Mr. Kotevski is attempting to bring or the underlying facts on which any cognizable claim could be based.  Accordingly, Mr. Kotevski's complaint fails to state a plausible claim for relief.  Needless to say, it also violates the pleading requirements of Rule 8.  For these reasons, the complaint is subject to dismissal.[24]  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25]  Accordingly, Mr. Kotevski will be given an opportunity to amend his complaint.

## CONCLUSION

1.      Mr. Kotevski may file an amended complaint by **October 7, 2024**.  The words "Amended Complaint" should appear in the caption of the document.  Mr.

---

[22] (*See, e.g.*, *id.* at 12–13 (listing federal statutes).)

[23] (*See, e.g.*, *id.* at 15–21 (listing cases).)

[24] *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Padilla v. Mnuchin*, 802 F. App'x 426, 427 (10th Cir. 2020) (unpublished) ("A district court may dismiss an action under Rule 41(b) for failure to comply with Rule 8.").

[25] *Kay*, 500 F.3d at 1217 (citation omitted).

Kotevski's amended complaint should contain a *short, plain* statement of his claim against each named defendant, showing Mr. Kotevski is entitled to relief.[26]

     2.    Mr. Kotevski is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[27]

     3.    Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[28]

     4.    **Other than an amended complaint, the restriction on filing other documents set forth in the court's August 23, 2024 order[29] remains in place.**  Mr. Kotevski has not complied with this restriction; instead, he has attempted to file at least forty-seven documents since the filing restriction was entered.  These documents (and any others he may attempt to file) are merely lodged on the docket and will not be

---

[26] *See* Fed. R. Civ. P. 8(a)(2).

[27] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[28] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202023.pdf [https://perma.cc/YJY4-VSML].

[29] (Doc. No. 5.)

considered.  **Mr. Kotevski shall not file any documents other than an amended complaint at this time.**

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 23rd day of September, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge