UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILAN MICHAEL KOTEVSKI, <br><br> Plaintiff, <br><br> v. <br><br> HILLARY RODHAM CLINTON, et al. <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915** <br><br> Case No. 2:24-cv-00622 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Milan Michael Kotevski filed this action without an attorney and without paying the filing fee.[1] After screening Mr. Kotevski's complaint under 28 U.S.C. § 1915 and identifying deficiencies, the court invited Mr. Kotevski to file an amended complaint.[2] Mr. Kotevski has now done so.[3] As explained below, Mr. Kotevski's amended complaint fails to state a plausible claim for relief. Where further opportunities to amend would be futile, the undersigned[4] recommends the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] (*See* Compl., Doc. No. 1; Mot. to Proceed In Forma Pauperis ("Mot. to Waive Filing Fee"), Doc. No. 2.)

[2] (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee ("Order Permitting Am. Compl."), Doc. No. 55.)

[3] (*See* Am. Compl., Doc. No. 58.)

[4] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 42.)

1

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, it must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept a plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim."[10]

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[11]

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[11] Fed. R. Civ. P. 8(a)(2).

and further provides that "[e]ach allegation must be simple, concise, and direct."[12] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[13] At minimum, the plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[14]

     Because Mr. Kotevski proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[15] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[16] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[17] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[18] the court "will not supply additional factual

---

[12] Fed. R. Civ. P. 8(d)(1).

[13] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[14] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[15] *Hall*, 935 F.2d at 1110.

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[17] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[18] *Hall*, 935 F.2d at 1110.

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]

## ANALYSIS

As described in court's prior order,[20] Mr. Kotevski's original complaint was 172 pages long, and accompanied by more than 2,000 pages of exhibits.[21] Mr. Kotevski named 283 defendants, including domestic and foreign politicians, officials, agencies, and judges; various large corporations such as Alphabet, META, AT&T, Verizon, and Apple; and numerous other individuals and entities.[22] The court noted Mr. Kotevski's voluminous submission primarily consisted of scattershot allegations of vast global conspiracies.[23] For example, one of the early pages of the original complaint contains the following sentence, which is characteristic of Mr. Kotevski's allegations throughout:

> PLAINTIFF, being the victim of a RICO Conspiracy, was sexually abused by the CIA, PRIME MINISTER MODI & THE INDIAN GOVERNMENT, BILL and HILLARY CLINTON, LYNN FORESTER de ROTHSCHILD and SIR EVELYN ROTHSCHILD or a combination of the aforementioned DEFENDANTS in TOKYO in 2015 because either JAMES COMEY and the FBI or JEH JOHNSON and DHS or the Department of Defense leaked information in the course of an ongoing investigation to HILLARY CLINTON informing her how to politically assassinate PLAINTIFF (i.e. *JAPLAN*) that CHIEF JUSTICE ROBERTS approved of and personally witnessed and saw PLAINTIFF in Japan in July 2015 or it was the RUSSIANS via GRU and the KGB and possibly PLAINTIFF'S former lover were listening in and

---

[19] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[20] (*See* Order Permitting Am. Compl. 4–5, Doc. No. 55.)

[21] (*See* Compl., Doc. No. 1; Exs. A–Z, Doc. Nos. 1-1–1-3, 1-6–1-17.)

[22] (*See* Compl., Doc. No. 1 at 1–5.)

[23] (*See* Order Permitting Am. Compl. 4, Doc. No. 55.)

       implemented the plan with the help of the Indian Government, which was a defacto [sic] political assassination against PLAINTIFF.[24]

The court also noted the original complaint referenced numerous civil and criminal statutes,[25] as well as case law,[26] but it failed to connect the cited authority to particular factual allegations.[27]  The court concluded Mr. Kotevski failed to make specific, intelligible factual allegations regarding how each named defendant harmed him or violated his legal rights.[28]  For these reasons, the court found Mr. Kotevski's original complaint failed to state a plausible claim for relief and violated Rule 8, and the court permitted Mr. Kotevski to file an amended complaint.[29]

    Mr. Kotevski's amended complaint fails to correct the deficiencies identified in the prior order.  As an initial matter, rather than streamlining his allegations, Mr. Kotevski filed an amended complaint substantially more voluminous than the original: the main document containing narrative allegations is 497 pages, and it is accompanied by 1,948

---

[24] (Compl., Doc. No. 1 at 7.)

[25] (*See, e.g.*, *id.* at 12–13 (listing federal statutes).)

[26] (*See, e.g.*, *id.* at 15–21 (listing cases).)

[27] (*See* Order Permitting Am. Compl. 5, Doc. No. 55.)

[28] (*Id.*)

[29] (*Id.* at 5–6.)

pages of exhibits.[30]  He again names hundreds of defendants—including some named in the original complaint and others newly added.[31]

Even construing the amended complaint liberally, it remains impossible to discern what claims Mr. Kotevski is attempting to bring or the underlying facts on which any cognizable claim could be based.  Substantial portions of the amended complaint appear similar or even identical to the original, including the introductory portion containing the sentence quoted above.[32]  And the newly added portions are similarly unintelligible.  For example, Mr. Kotevski offers the following statement as an attempt to clarify his claims:[33]

> The most important way. What the Court expects PLAINTIFF to think and conclude, how to think and conclude, if done for the rest of Americans, would be devasting to the fabric of trust inherently needed in the system and devasting to PLAINTIFF to let him believe the truth so readily and easily.  Let PLAINTIFF explain.  PLAINTIFF, nor any other American, shouldn't have the expectation that a flight delay and a trip was done to commit political terrorism against PLAINTIFF (can you imagine the chaos it would cause if Americans have the expectation that every alleged flight delay was done for political kidnapping and terrorist purposes?), that random thoughts and connections made in an impromptu moment by a creative individual or mentally ill individual is the basis in determining that a foreign government has been listening in for years on an individual?  That

---

[30] (*See* Am. Compl., Doc. No. 58 at 1–497; Exs. A–Z to Am. Compl., Doc. Nos. 58 at 498–507 & 58-1–58-9; "Mika's Tea Party Part 1 and Part 2," Doc. Nos. 58-10–58-11.)

[31] (*See* Am. Compl., Doc. No. 58 at 1–11.)

[32] (*E.g.*, *compare* Compl., Doc. No. 1 at 6–9, *with* Am. Compl., Doc. No. 58 at 18–21.) The sentence quoted above is found at page 19 of the amended complaint.

[33] Mr. Kotevski quoted the prior order, including the finding that "it is impossible to discern what claims Mr. Kotevski is attempting to bring or the underlying facts on which any cognizable claim could be based," and offered this statement in response.  (Am. Compl., Doc. No. 58 at 318 (quoting Order Permitting Am. Compl. 5, Doc. No. 55).)

> autistic individuals (who have a hard time understanding and relating to individuals in the first place) are clairvoyants and perfect mind readers that can accurately guess in an instance and ascertain the motives of spies who are trained to lie and deceive for years?  That the nurse and doctor torturing an autistic individual allegedly providing care to an autistic individual are employees of the CIA or DoD or other American agency are there to intentionally commit RICO violations and more?  That certain members of SCOTUS and CIA had years long vendettas against PLAINTIFF in which they facilitated the abuse through Court rulings by using different cases to deprive an American they had a vendetta against of his life, liberty, and pursuit of happiness?  That to expect an American, who was once in Special Education, to have to fight over 200 different law firms and practicing attorneys that went to Harvard, Yale, Princeton and have hundreds of years of collective legal experience between them—figuratively speaking, not even BRUCE LEE could beat up more than 283 people at the same time that would surround him in a fight—is completely unrealistic to figure out what harms were done to PLAINTIFF is completely unreasonable but that is what PLAINTIFF has been forced to do, primarily because of the White House and CIA, FBI, et al. The line between delusional thinking, actual conspiracy theory, schizophrenia, paranoia, and creativity is a very thin one.[34]

It is impossible to discern what claims Mr. Kotevski is trying to bring from this statement. Similarly, Mr. Kotevski contends he adequately identifies how a specific named defendant (a judge) harmed him because he alleges her decision "furthered the RICO enterprise."[35]  But this allegation is conclusory, unsupported by specific factual development, and insufficient to state a cognizable claim against this defendant.  Thus, even where Mr. Kotevski expressly attempts to respond to the deficiencies identified in the prior order, he fails to elucidate his claims.

---

[34] (*Id.* at 318–20.)

[35] (*Id.* at 317–18.)

In sum, Mr. Kotevski's amended complaint still fails to state a plausible claim for relief (as well as violating Rule 8 pleading requirements). Because it fails to state a claim for relief, the amended complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Further, where Mr. Kotevski has been given an opportunity to amend his complaint and failed to correct the deficiencies identified in the prior order, further opportunities to amend would be futile and dismissal of this action is necessary.[36]

## RECOMMENDATION

Where Mr. Kotevski's amended complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will send this Report and Recommendation to Mr. Kotevski, who is notified of his right to object to it. Mr. Kotevski must file any objection within fourteen days of service.[37] Failure to object may constitute waiver of objections.

DATED this 7th day of October, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[36] See Kay, 500 F.3d at 1217 ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted)).

[37] See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).